# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                  **CRIMINAL ACTION NO.: 3:17-CR-5 (GROH)**

**GREGORY KEITH CLINTON,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE MAGISTRATE JUDGE'S R&R

Currently before the Court is an Amended Report and Recommendation ("R&R") prepared and entered by United States Magistrate Judge Robert W. Trumble on March 14, 2018. ECF No. 131. In the R&R, Magistrate Judge Trumble recommends that the Defendant's Motions to Suppress [ECF Nos. 35 & 39] be denied and his Supplemental Motion to Suppress [ECF No. 47] be granted in part and denied in part. For the reasons that follow, the Magistrate Judge's R&R shall be adopted.

## I. BACKGROUND

Upon reviewing the record, the Court finds that the material facts as explained in the R&R accurately describe the events that led to the Defendant's arrest and indictment. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the facts most relevant to issue at hand.

On January 18, 2017, the Defendant was charged in a One-Count indictment as an Armed Career Criminal. ECF No. 1. Subsequently, on March 21, 2017, the Government filed a superseding indictment, which included four additional counts. Specifically, the Defendant was charged not only as an Armed Career Criminal in Count One, but also with four separate counts of possession with intent to distribute various controlled substances. ECF No. 40.

The genesis of this case is a traffic stop, conducted by the Berkeley County Sheriff's Department, because the Defendant was speeding and not wearing his seatbelt. The Court notes that at no time has the Defendant argued the underlying reason for the stop was improper. Instead, the Defendant's motions call the officers' diligence in effectuating the mission of the stop into question. The Defendant essentially avers that once stopped, the officers abandoned the purpose of the stop and their focus shifted, absent reasonable suspicion, to a drug-seeking mission.

While the Defendant was stopped, officers alleged that he was observed dumping a white powdery substance out of his car window. At that time, officers placed the Defendant under arrest. Subsequent to his arrest, officers questioned the Defendant and obtained search warrants and searched his car and residence. The Government alleges that various controlled substances and a firearm were recovered during the searches, and this evidence forms the basis for the Government's prosecution of the Defendant.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

2

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection." LR PL P 12.2.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to

3

preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

The Defendant's objections [ECF No. 130] were timely filed on March 13, 2018. Therein, forty-two numbered paragraphs spanning twelve pages constitute the Defendant's objections to Magistrate Judge Trumble's R&R. The Court has thoroughly reviewed the objections, R&R, related filings and case law, and upon thoughtful consideration, the Court finds that the objections should be overruled.

The Defendant's objections mostly concern immaterial facts or conclusions, are too generalized, or are unsupported by specific arguments or legal authority. Further, the Defendant largely reiterates the same arguments and positions that were presented to the Magistrate Judge, rather than describing, with specificity and legal authority, why the R&R is incorrect. That having been said, it is clear to the Court that the crux of the Defendant's objections concern the Magistrate Judge's findings that the officers diligently pursued the Defendant's traffic stop and that, in any event, the officers also had reasonable suspicion based upon the Defendant's behavior. Accordingly, the Court

conducts a *de novo* review of the R&R as to these two issues. The Court has reviewed the remainder of the R&R for clear error, and finding none, hereby adopts the same.

Turning to whether the officers diligently pursued the stop, the record is clear. Deputy Ritchie was new and in training when the traffic stop occurred. He testified that it took him more time to write citations when he was a new deputy. He also testified at the suppression hearing that he had not finished writing the second citation—a warning—when another deputy observed the Defendant dumping something onto the roadway.

This case is analogous to United States v. Hill, 852 F.3d 377, (4th Cir. 2017). In Hill, two officers stopped a car they observed speeding. Hill was a passenger in the vehicle. During the stop, one officer worked on writing two summonses for the driver, for traffic violations and also requested that a K-9 unit be sent to the scene. The officer who wrote the summonses stopped writing for several minutes to search an additional database that contained information regarding individual contact with that police department.

During this time, the other officer remained next to the vehicle, talking with Hill and the driver. The officer asked the men three different times whether there were any drugs or firearms in the car. After the third time, Hill told the officer that he had a firearm on his person. The district court in Hill noted that approximately twenty minutes passed from the time officers initiated the stop until Hill told the other officer he had a gun.

The defendant in Hill made the same exact arguments presented here. Specifically, Hill argued that the officers "unlawfully extended the duration and scope of the traffic stop" and that the "cumulative effect" of the officers' decisions to search the extra database, request a K-9 unit, and split up "improperly extended the stop beyond the

5

time necessary to complete the purpose of the stop in violation of the Supreme Court's decision in Rodriguez." Id. at 381. The Fourth Circuit plainly rejected Hill's arguments.

Here, the Defendant fails to materially distinguish the circumstances in the traffic stop at issue from those in Hill. Lacking any legal argument, the Court is left to speculate that the Defendant believes his case is the type that the Hill Court explicitly recognized as falling outside of its decision in Hill: "We emphasize, however, that we are not confronted here with an officer's decision to execute a traffic stop in a deliberately slow or inefficient manner, in order to expand a criminal investigation within the temporal confines of the stop without reasonable suspicion of criminal activity or consent of those detained." Id. at 384.

This Court finds, as did the Magistrate Judge, that this case is not the exception, but it presents the type of circumstances contemplated by the Fourth Circuit in Hill. "In sum, the Supreme Court's decision in Rodriguez does not require courts to second-guess the logistical choices and actions of a police officer that, individually and collectively, were completed diligently within the confines of a lawful traffic stop. . . . [B]ecause the evidence shows that the officers acted with reasonable diligence in executing the tasks incident to the traffic stop, and the stop was not impermissibly expanded in scope or time beyond the pursuit of the stop's mission," the Defendant's motion to suppress should be denied. Id.

Because there was no delay in the traffic stop, whether reasonable suspicion existed is irrelevant. However, the Court agrees with the Magistrate Judge that the officers articulated reasonable suspicion. Therefore, any delay that potentially existed would be justified.

## IV. CONCLUSION

Based upon the foregoing, the Magistrate Judge's R&R is hereby **ORDERED ADOPTED**. Accordingly, the factual findings and conclusions of law in the R&R are incorporated herein, and the Defendant's Motions to Suppress [ECF Nos. 35 & 39] are **DENIED** and his Supplemental Motion to Suppress [ECF No. 47] is **GRANTED in PART** and **DENIED in PART**.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: April 10, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE